<div style="text-align:center; color:red">CORRECTED</div>

# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-608V

| | |
|---|---|
| DOUGLAS ROUSE,<br><br>    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>    Respondent. | Chief Special Master Corcoran<br><br>Filed: November 28, 2023 |

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.*

*Alec Saxe, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION AWARDING DAMAGES[1]

On January 12, 2021, Douglas Rouse filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered a shoulder injury related to vaccine administration ("SIRVA") resulting from adverse effects of an influenza ("flu") vaccination he received on November 10, 2020. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On September 18, 2023, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On November 28, 2023, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $65,000.00 for pain and suffering. Proffer at 1. Respondent also proffers that Petitioner should be awarded funds to satisfy the State of Colorado Medicaid lien in the amount of $2,228.62.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

*Id.* at 2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* at 1-2. Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner the following compensation:**

1. **A lump sum payment of $65,000.00 in the form of a check payable to Petitioner, Douglas Rouse.**

2. **A lump sum payment of $2,228.62, representing compensation for satisfaction of a State of Colorado Medicaid lien, payable jointly to Petitioner and the Colorado Department of Health Care Policy and Financing, and mailed to:**

    Colorado Department of Health Care Policy and Financing
    Colorado Medical Assistance
    Tort and Casualty Recovery Program
    333 W. Hampden Ave., Suite # 425
    Englewood, CO 80110

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| DOUGLAS ROUSE,<br><br>       Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH<br>AND HUMAN SERVICES,<br><br>       Respondent. | No. 21-608V (ECF)<br>Chief Special Master Corcoran |

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On January 12, 2021, Douglas Rouse ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that he suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA"), as defined in the Vaccine Injury Table, following administration of an influenza vaccine he received on November 10, 2020.  Petition at 1.  On August 21, 2023, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act for a SIRVA Table injury, and on September 18, 2023, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation.  ECF No. 28; ECF No. 29.

**I.**   **Items of Compensation**

  A.   Pain and Suffering

Based upon the evidence of record, respondent proffers that petitioner should be awarded a lump sum of **$65,000.00** for pain and suffering, in the form of a check payable to petitioner. Petitioner agrees.

B.  <u>Medicaid Lien</u>

Respondent proffers that petitioner should be awarded funds to satisfy the State of Colorado Medicaid lien in the amount of **$2,228.62**, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of Colorado may have against any individual as a result of any Medicaid payments the State of Colorado has made to or on behalf of petitioner from the date of his eligibility for benefits through the date of judgment in this case as a result of his alleged vaccine-related injury suffered on or about November 10, 2020, under Title XIX of the Social Security Act.

The above amounts represent all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

**II.   Form of the Award**

The parties recommend that compensation provided to petitioner should be made through two lump sum payments described below, and request that the Chief Special Master's decision and the Court's judgment award the following: [1]

A.  A lump sum payment of **$65,000.00** in the form of a check payable to petitioner; and

B.  A lump sum payment of **$2,228.62**, representing compensation for satisfaction of the State of Colorado Medicaid lien, in the form of a check payable jointly to petitioner and:

> Colorado Department of Health Care Policy and Financing
> Colorado Medical Assistance
> Tort and Casualty Recovery Program
> 333 W. Hampden Ave., Suite # 425
> Englewood, CO 80110

Petitioner agrees to endorse the check to Colorado Department of Health Care Policy and

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

Financing for satisfaction of the Medicaid lien.

      Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

      Respectfully submitted,

      BRIAN M. BOYNTON
      Principal Deputy Assistant Attorney General

      C. SALVATORE D'ALESSIO
      Director
      Torts Branch, Civil Division

      HEATHER L. PEARLMAN
      Deputy Director
      Torts Branch, Civil Division

      LARA A. ENGLUND
      Assistant Director
      Torts Branch, Civil Division

      <u>/s/ Alec Saxe</u>
      ALEC SAXE
      Trial Attorney
      Torts Branch, Civil Division
      U.S. Department of Justice
      P.O. Box 146, Benjamin Franklin Station
      Washington, D.C. 20044-0146
      Tel:  (202) 353-7722
      E-mail:  Alec.Saxe@usdoj.gov

DATED:  November 28, 2023